UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TINA M. SMITH
f/k/a TINA M. ORMAN,

                   Plaintiff,

                                             06-CV-6118l

                V.                **DECISION**
                                               **and ORDER**

JO ANNE B. BARNHART,
Commissioner of Social Security,

                   Defendant.

---

## INTRODUCTION

Plaintiff Tina Orman ("Orman" or "Plaintiff"), brings this action pursuant to the Social Security Act § 216(I) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits. Specifically, Orman alleges that the decision of the Administrative Law Judge ("ALJ") Mark D. Newberger denying her application for benefits did not give proper weight to her treating physician's opinion.

The Commissioner moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion and cross moves for judgment on the pleadings, or in the alternative for the case to be remanded for the ALJ to properly weigh the evidence. The Court finds that the decision of the Commissioner for the

reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

## BACKGROUND

On June 30, 2003, Plaintiff, at that time a 32 year-old bus driver, filed an application for Disability Insurance Benefits under title II, § 216(I) and § 223 of the Social Security Act claiming a disability since July 29, 2002, due to pain in her right shoulder, neck and lower back (Tr. 72-74). Plaintiff's application was denied by the Social Security Administration initially on October 10, 2003 (Tr. 14). Plaintiff filed a timely request for hearing on November 10, 2003 (Tr. 14).

Thereafter, a video hearing in this matter was conducted on June 20, 2005, before ALJ Mark D. Newberger (Tr. 14). In a decision dated July 29, 2005, the ALJ determined that the plaintiff was not disabled (Tr. 11-24). This became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on February 2, 2006 (Tr. 5-8). This action followed.

## DISCUSSION

### I.   JURISDICTION AND SCOPE OF REVIEW

Title 42, Section 405(g) of the United States Code grants jurisdiction to Federal District Courts to hear claims based on the denial of Social Security benefits. Mathews v. Eldridge, 424 U.S.

319, 320 (1976). Additionally, the section directs that the District Court must accept the Commissioner's findings of fact if those findings are supported by substantial evidence in the record. See Bubnis v. Apfel, 150 F.3d 117, 181 (2d Cir. 1998); see also Williams v. Comm'r of Soc. Sec., No. 06-2019-cv, 2007 U.S. App. LEXIS 9396, at *3 (2d Cir. Apr. 24, 2007). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence in the record as a whole, and whether the Commissioner's conclusions are based upon an erroneous legal standard. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003); see also Wagner v. Secretary of Health & Human Serv., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by the substantial evidence).

The Commissioner asserts that her decision is supported by substantial evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings,

the court is convinced that plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

**II.   STANDARD FOR ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

Under the Social Security Act, a disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ..."  42 U.S.C. §§ 423(d)(1)(A) (concerning Old-Age, Survivors', and Disability Insurance ("OASDI")); 42 U.S.C. § 1382c(a)(3)(A) (2004) (concerning SSI payments).  An individual will only be considered "under a disability" if her impairment is so severe that she is both unable to do her previous work *and* unable to engage in any other kind of substantial gainful work that exists in the national economy.  §§ 423(d)(2)(A) and 1382c(a)(3)(B).

"Substantial gainful work" is defined as "work that exists in significant numbers either in the region where the individual lives or in several regions of the country." <u>Id.</u>  Work may be considered "substantial" even if it is done on a part-time basis, if less money is earned, or if work responsibilities are lessened from previous employment.  20 C.F.R. § 404.1572(a) (OASDI); 20 C.F.R. § 416.972(a) (SSI).  Work may be considered "gainful" if it is the kind of work usually done for pay or profit, whether or not a profit is realized.  §§ 404.1572(b) and 416.972(b).  Furthermore,

"substantial gainful work" is considered available to an individual regardless of whether such work exists in her immediate area, whether a specific job vacancy exists for her, or whether she would be hired if she were to apply for work.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

When a claimant requests a Social Security disability hearing before an Administrative Law Judge, SSA regulations require the ALJ to perform a five-step sequential evaluation.  Pursuant to this analysis:

- (i) if the claimant is performing substantial gainful work, she is not disabled;

- (ii) if the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled;

- (iii) if the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry

- (iv) if the claimant's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled;

- (v) even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

20 C.F.R. §§ 404.1520(a)(4)(I)-(v) and 416.920(a)(4)(I)-(v).  The ALJ in this case performed the required five-step evaluation and determined that: (1)the plaintiff had not engaged in substantial

gainful employment since her alleged disability onset date of July 29, 2002 (2) the plaintiff's cervical disc disease, status post injury to her right shoulder, bronchial asthma and mild obesity were considered "severe" under §§ 404.1520(c) and 416.920(c); (3) the plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the plaintiff was able to perform her past relevant work as both a cashier and a bus driver and; (5) the plaintiff had the residual functional capacity to perform a significant number of light and sedentary jobs (Tr. 15-23).

Based on the entire record, specifically the medical evidence, I find that the ALJ properly concluded that plaintiff was not disabled within the meaning of the Social Security Act.

**III.  The Commissioner's decision to deny the plaintiff benefits was supported by substantial evidence in the record.**

    A.  The ALJ properly evaluated the medical opinions and assessments in the record.

I find that the ALJ properly evaluated the medical evidence in the record in concluding that the plaintiff was not disabled within the meaning the Act.  The ALJ primarily relied upon diagnostic and clinical evidence in the record, as well as the opinions of Drs. Medalle and Chmura and afforded "no significant weight" to the opinion of Plaintiff's treating physician, Dr. Morpurgo. (Tr. 19).

The ALJ concluded that Dr. Morpurgo's ". . . initial statements, i.e. those prior to February 10, 2004 were seemingly referring to claimant's past work as a bus driver and supported

claimant's claim for Workers Compensation benefits. However, no significant weight is accorded these earlier statements from Dr. Morpurgo to the extent they could be interpreted as supporting Social Security disability as such an interpretation is not well supported by the objective medical evidence of record." (Tr. 19). Although claimant may have been sufficiently disabled to be entitled to Workers Compensation benefits for her inability to perform her work as a bus driver, the evidence in the record supports the ALJ's conclusion that she still maintained the residual functional capacity to perform other work in the economy consistent with her level of disability. Thus, although Dr. Murpurgo was one of plaintiff's treating physicians, the Social Security regulations require that a treating physician's opinion will be controlling only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). The ALJ properly concluded that Dr. Morpurgo's opinion should not be given controlling weight because it was inconsistent with the other substantial evidence in the record. Specifically, Dr. Morpurgo's opinion that plaintiff was disabled in statements made prior to February 10, 2004, referred to claimant's ability to drive a bus. However, the ALJ correctly found that Dr. Morpurgo's opinions that plaintiff was totally disabled within the meaning of the Act, is not supported by the objective medical evidence in the record. (Tr. 19).

On November 24, 2003, Dr. Morpurgo completed a residual functional capacity questionnaire and reported that the plaintiff had chronic pain and muscle weakness, chronic fatigue and impaired sleep, significant limitations of motion in the cervical spine, limited shoulder motion and depression contributing to the severity of her symptoms and functional limitations. Furthermore, Dr. Morpurgo concluded that the claimant would have significant limitations with reaching, handling or fingering and that her impairments would likely produce good and bad days and that she would likely be absent from work about two days a month (Tr. 19). These restrictions were properly taken into account by the ALJ and the vocational expert when identifying jobs that the plaintiff was capable of performing.

It should be noted that before seeing Dr. Morpurgo, in July and September of 2002, plaintiff underwent two MRIs of her right shoulder which indicated no evidence of fracture or dislocation and a normal rotator cuff without evidence of a tear (Tr. 16, 213, 217). In Dr. Morpurgo's RFC assessment, he was asked if the plaintiff's impairments (physical impairments plus any emotional impairments) were "reasonably consistent" with the symptoms and functional limitations described in the evaluation (Tr. 270). He responded that plaintiff's impairments were not reasonably consistent with her described symptoms, noting that plaintiff's "pain is out of proportion to physical findings" (Tr. 19, 270). Dr. Morpurgo also noted the disproportional nature between

plaintiff's pain and physical findings in assessments dated September 19, 2003, February 10, 2004, June 11, 2004, September 13, 2004, and August 2, 2004 (Tr. 264-67, 273). In each assessment, Dr. Morpurgo noted "chronic neck pain, right shoulder pain which seem out of proportion to radiologic findings" (Tr. 264-67, 273). Dr. Morpurgo later released the plaintiff to light duty work on February 10, 2004 (Tr. 19, 267).

The ALJ properly concluded that claimant is not precluded from performing light and sedentary exertion work. (Tr.21). Dr. Medalle reported that the plaintiff was moderately limited in activities requiring repetitive movement of the head and repetitive use of the right upper extremity and that plaintiff should avoid dust, smoke, and any known pulmonary irritant due to her bronchial asthma. Further, Dr. Medalle reported that claimant said she was able to cook meals, clean the house, do the laundry, shop for food and clothing, shower, bathe and dress herself and take care of her children, activities that were inconsistent with her allegations of pain (Tr. 20). Although based on a one time examination, the ALJ gave significant weight to Dr. Medalle's assessment, as it was well supported by the objective evidence in the record.

Similarly in a March 2005 assessment, Dr. Chmura advised plaintiff that she could not be made totally or permanently disabled as her back x-rays were normal as well as the EMGs of her lower extremeties (Tr. 20). The ALJ "accorded some significant

weight" to Dr. Chmura's opinion because it was well supported by the overall evidence in the record. (Tr. 20).

After reviewing the record, I find that the ALJ's conclusion in determining the weight given to the combined opinions of Dr. Chmura and Dr. Medalle was correct.  The ALJ's conclusion for affording no significant weight to Dr. Morpurgo's opinion is amply supported by the medical evidence in the record.

> B. <u>The ALJ properly considered the effects of plaintiff's obesity.</u>

I find that the ALJ properly considered the effects of plaintiff's obesity in concluding that the plaintiff was not disabled at step three of his evaluation in determining whether the plaintiff's impairments, singly or in combination, meet or equal any of the relevant listings outlined in Appendix 1 to Subpart P, Regulation No. 4.  The ALJ acknowledged that obesity may have an adverse impact upon a co-existing impairment.  Specifically, the ALJ notes that obesity may cause more pain and limitation on weight bearing arthritic joints and the effect an individual's ability to sustain activity on a regular and continuing basis consistent with SSR 02-1p.

The ALJ properly considered the effect of obesity in determining the plaintiff's residual functional capacity. The jobs identified by the vocational expert which was relied upon by the ALJ in concluding the plaintiff was not disabled were jobs of a light and sedentary nature in exertional demands requiring an environment free of high concentration of gases, dust, fumes, and

similar pollutants along with other limitations. (Tr. 43-46). I conclude that there is sufficient medical evidence in the record to support the ALJ's conclusion that the plaintiff could perform this level of work.

Finally, in reviewing the record, the Court noted documentation offered in Appendix A of plaintiff's moving papers does not contradict the ALJ's residual functional determination.

## **CONCLUSION**

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and plainitiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                   s/Michael A. Telesca

                                    MICHAEL A. TELESCA
                            United States District Judge

Dated:   Rochester, New York
           June 17, 2008